IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY CORBIN, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 07-05124 |
| v. | : | |
| SURESH KHOSLA, | : | |
| Defendant. | : | |

### MEMORANDUM

Slomsky, J.                                                                                                                  December 15, 2008

## I. Introduction.

Before the Court is Defendant Suresh Khosla's Motion for Partial Summary Judgment. Defendant sought partial summary judgment dismissing Plaintiff Mary Corbin's claim for economic damages and a declaration that Plaintiff is subject to Pennsylvania's limited tort alternative (75 Pa.C.S.A. § 1705). For the reasons that follow, the Court grants Defendant's Motion for Partial Summary Judgment in part and denies it in part. The Court concludes that Defendant is entitled to a declaration that Plaintiff is subject to Pennsylvania's limited tort option and also that Plaintiff's claim for economic damages should not be dismissed.

## II. General Background.

Plaintiff brought this action against Defendant for injuries sustained in an automobile accident that occurred in Bucks County, Pennsylvania, on February 16, 2006. (Complaint ¶ 3). Plaintiff sought economic damages in the form of medical expenses and wage loss as well as non-economic damages. (Id.). At the time of the accident, Plaintiff was the owner and operator of a

vehicle, registered to her in the Commonwealth of Pennsylvania, that was uninsured.  See Defendants' Requests for Admissions No. 1-2 and Plaintiff's Response (collectively, Def. Ex. B).

### III. The Summary Judgment Standard.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In examining Defendant's motion, we must view the facts in the light most favorable to the Plaintiff and draw all reasonable inferences in her favor. InterVest, Inc. v. Bloomberg, L.P., 340 F.3d 144, 159-60 (3d Cir. 2003).

The party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact.  Fed. R. Civ. P. 56(c).  Once the movant has done so, the opposing party cannot rest on the pleadings.  To defeat summary judgment, the party must come forward with probative evidence establishing the prima facie elements of her claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which she bears the burden of production. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  An inference based upon speculation or conjecture does not create a material fact.  Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n. 12 (3d Cir.1990).

### IV. Discussion

Defendant seeks Partial Summary Judgment on two matters arising in this case.  First, because Plaintiff's vehicle was uninsured, Defendant alleges that Plaintiff is not entitled to collect

economic damages. Second, Defendant alleges that Plaintiff is subject to the limited tort option because Plaintiff's car was uninsured. Defendant's assertions will be addressed in turn.

**A. Economic Damages**

The first issue raised is whether Plaintiff is entitled to collect economic damages. Under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S.A. §1701 et. seq., an owner "of a currently registered motor vehicle who does not have financial responsibility . . . cannot recover first party benefits." 75 Pa.C.S.A. § 1714. The owner of a registered, but uninsured motor vehicle is considered to not have financial responsibility. See Swords v. Harleysville Ins. Cos., 883 A.2d 562 (Pa. 2005). First-party benefits are defined as "[m]edical benefits, income loss benefits, accidental death benefits and future benefits." 75 Pa.C.S.A. § 1702.

The issue presented here is whether the bar against an uninsured motorist recovering first-party benefits set forth in Section 1714 is restricted to a suit by an uninsured motorist against an insurance company as opposed to a suit against an alleged third-party tortfeasor. The Pennsylvania Supreme Court has not squarely addressed this issue in a suit against an alleged third-party tortfeasor. It is therefore the role of this Court in an action based on diversity jurisdiction to predict how the Pennsylvania Supreme Court would rule on this issue. Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 406 (3d Cir. 2000). This Court concludes that the Pennsylvania Supreme Court would hold that a plaintiff can recover economic damages from an alleged third-party tortfeasor. A plaintiff would be prohibited, however, from recovering such damages from an insurance company.

In predicting how this matter would be decided under state law, this Court should examine

"(1) what the Pennsylvania Supreme Court has said in related areas; (2) the decisional law of the Pennsylvania intermediate courts; (3) federal appeals and district court cases interpreting the state law . . . ." Id. (citing Wiley v. State Farm Fire & Cas. Co., 995 F.2d 457, 459-60 (3d Cir. 1993). Pennsylvania intermediate courts and a federal district court have addressed the present issue and have held that uninsured motorists are precluded from recovering medical and other expenses from an alleged third-party tortfeasor in the same way that they are ineligible to recover such expenses from an insurer pursuant to Section 1714. See McClung v. Breneman, 700 A.2d 495, 497 (Pa. Super. 1997) (applying the Statutory Construction Act to reach this result); see also Davidson v. United States, No. 95-1506, 1998 WL 314706, at *3 (E.D. Pa. June 15, 1998) (predicting that "the Pennsylvania Supreme Court would adopt the McClung decision" and deciding that plaintiff should therefore be barred from recovering economic damages); Bryant v. Reddy, 793 A.2d 926, 929 (Pa. Super. 2002) (finding McClung dispositive of the uninsured plaintiff's claim for medical expenses and wage loss against an alleged third-party tortfeasor).

Even though these Pennsylvania intermediate courts and federal district court have held that uninsured Plaintiffs should be barred from recovering economic damages from third-party tortfeasors under Section 1714, these decisions were made before the Pennsylvania Supreme Court's decision in Swords v. Harleysville Ins. Cos. which contains precise language more indicative of how that Court would rule on the issue. 883 A.2d 562 (Pa. 2005). In Swords, a son was in an accident while driving his father's car. Id. at 564. The father's automobile was insured, but the son owned a registered but uninsured automobile. Id. The son brought an action against his father's automobile insurer for a declaratory judgment that he was entitled to first-party benefits. Id. On appeal, the Pennsylvania Supreme Court held that the son was ineligible for first-party benefits under Section

1714 because he owned an uninsured vehicle. Most importantly, however, the Pennsylvania Supreme Court stated in <u>dicta</u> that the son <u>would</u> nonetheless be entitled to recover for his economic loss from the third-party tortfeasor. <u>Id.</u> at 569. The Supreme Court in <u>Swords</u> stated as follows:

> While the MVFRL mandates in Section 1714 that owners of registered but uninsured vehicles cannot recover first-party benefits, the Law does not preclude such owners from recovering damages for injuries sustained as a result of automobile accidents. Indeed, the Law deems owners of registered but uninsured vehicles to have chosen the limited tort alternative. 75 Pa.C.S. § 1705(a)(5). This deemed choice allows an owner of a registered but uninsured vehicle to be, at least, "eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law...." 75 Pa.C.S. § 1705(d). Accordingly, when an owner of a registered but uninsured vehicle is the innocent victim of an accident, he or she can sue in tort and, at the very least, recover damages for economic loss. Such a result is consistent with *Henrich,* which allowed Ms. Henrich to recover uninsured motorist coverage, which, together with underinsured coverage, merely "serves to promote the recovery of damages *for innocent victims of accidents* with uninsured or underinsured drivers." *Lewis,* 793 A.2d at 151. (Emphasis in original.)

883 A.2d at 394. This statement by the Pennsylvania Supreme Court is a clear indication of how it would rule on the present issue; it would allow for Plaintiff to recover economic damages from Defendant, an alleged third-party tortfeasor, assuming he was at fault. Although Ms. Henrich was a passenger in an automobile and not the driver, the primary concern of the Court was to protect innocent victims of accidents. This protection would apply to Plaintiff, assuming Defendant as a third-party tortfeasor was at fault.

Construing Section 1714 as only prohibiting an uninsured owner and operator of a vehicle from recovering damages from a defendant insurance company, as opposed to an alleged third-party tortfeasor, is consistent with the statutory language. Section 1714 prohibits owners of registered but uninsured vehicles from "recover[ing] <u>first</u> party benefits." (Emphasis added). First-party benefits

are benefits paid by a plaintiff's own insurance carrier.  **James R. Ronca et al., Pennsylvania Motor Vehicle Insurance: An Analysis of the Financial Responsibility Law** § 2.1 (2d ed. 2007). The statute does not explicitly exclude recovery of benefits from an alleged third-party tortfeasor. The Pennsylvania Superior Court in McClung, supra, conceded this point, and the Pennsylvania Supreme Court in Swords did not hold that Section 1714 precluded recovery of economic damages from a third-party tortfeasor.  McClung, 700 A.2d at 497; Swords, 883 A.2d at 394.  Furthermore, Section 1714 falls within the subchapter of 75 Pa.C.S.A. covering "Motor Vehicle Liability Insurance First Party Benefits." (Emphasis added).  The fact that the subchapter specifically refers to "insurance" coverage suggests that Section 1714 would not apply to actions brought to recover economic damages from a third-party tortfeasor.  Moreover, as noted in Swords, supra, 75 Pa.C.S.A. § 1705(d) would allow recovery of economic damages as a consequence of the fault of another person.

The Pennsylvania Superior Court decided in McClung that Section 1714 should preclude a plaintiff from recovering economic damages against an alleged third-party tortfeasor because "[a]llowing uninsured motorists to recover medical expenses from third-party tortfeasors, where they are unable to do so from insurers, would lead to an absurd result." McClung, 700 A.2d at 498.  The Court based this statement on its reading of Section 1714 in conjunction with Section 1722.  Under Section 1722, insured motorists who can recover economic damages from their insurance companies are unable to recover from a third-party tortfeasor, in order to prevent double recovery. Id.  The McClung Court thought it would be absurd to prohibit these insured plaintiffs from recovering against third-party tortfeasors, while allowing uninsured plaintiffs to recover from third-party tortfeasors.

There are two plausible explanations for distinguishing between allowing recovery from an insurance company versus a third-party tortfeasor. First, allowing recovery from a third-party tortfeasor, but not an insurance company, "avoid[s] an overly harsh outcome for the injured party." Progressive Halcyon Insurance Co. v. Kennedy, 908 A.2d 911, 915 n.6 (citing Swords, 584 Pa. at 569). Second, the specific purpose of the MVFRL was to "address rising insurance costs." Id. at 916 (citing Swords, 584 Pa. at 567). Allowing an innocent victim of an accident to recover economic damages from an uninsured tortfeasor may not implicate concerns of rising insurance costs.[1]

Given the Pennsylvania Supreme Court's ruling in Swords, (decided eights years after the Superior Court's decision in McClung, supra), which this Court interprets as a clear indication that the Pennsylvania Supreme Court would rule that an uninsured owner and operator of a motor vehicle could recover economic damages from an alleged third-party tortfeasor, this Court is compelled to hold that Defendant's Motion for Partial Summary Judgment must be denied with respect to its request for protection from an award of economic damages against a third party tort-feasor. The bar on recovery in Section 1714 only addresses recovery from insurance companies, as the Swords decision indicates. Although this Court acknowledges that it is interpreting Section 1714 in a manner that reduces somewhat the incentive for a plaintiff to obtain insurance, this Court cannot find a bar preventing recovery from a third-party tortfeasor where one does not clearly and unambiguously exist in the statutory language or in the statutory scheme, and especially in view of

---

[1] This Court acknowledges that despite these distinctions, there may be other policy reasons to prevent an uninsured motorist from recovering from a third-party tortfeasor. However, this Court is bound by the clear language in Section 1714 and 1705(d), as discussed in Swords, supra.

the dicta in the Swords opinion of the Pennsylvania Supreme Court and its reference to 75 Pa.C.S.A. § 1705(d).

**B. Limited Tort Alternative Selection**

In addition, Defendant's Motion for Partial Summary Judgment is granted with respect to its request for a declaration that Plaintiff is subject to the limited tort option in her claims against Defendant. Under Pennsylvania law, an "owner of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative." 75 Pa.C.S.A. § 1705(a)(5). Each person who selects the limited tort alternative "remains eligible to seek compensation for economic loss sustained in a motor vehicle accident," but "shall be precluded from maintaining an action for any noneconomic loss," subject to certain exceptions. Id. § 1705(d). These exceptions include if the defendant has been convicted or has accepted Accelerated Rehabilitative Disposition ("ARD") for driving under the influence of alcohol or a controlled substance, if the defendant is driving a car registered in another state, if the defendant intends to injure himself or another person, or if the person at fault has not maintained financial responsibility as required under the MVFRL.

It is undisputed that Plaintiff did not have financial responsibility of the motor vehicle she owned and was driving at the time of the accident. (Def. Ex. B). Therefore, Plaintiff is deemed to have elected the limited tort option. Plaintiff therefore cannot recover noneconomic damages unless one of the exceptions apply. Viewing the facts in the light most favorable to Plaintiff, Plaintiff has not alleged facts that would trigger that application of any exception set forth in Section 1705(d).

Plaintiff has alleged that genuine issues of material fact exist regarding three of the

exceptions to the bar on noneconomic recovery. However, these allegations are unsubstantiated by the record. First, Defendant was not convicted of any offense following the accident, nor did he accept ARD. Post-accident blood and alcohol testing showed that he was not under the influence of either drugs or alcohol, and no charges were ever brought. (See Deposition of Todd Evans at 39, 41, Pl. Ex. A).

Second, there is no evidence in the record to suggest that Defendant was driving a car registered in a state other than Pennsylvania.

Third, there is no evidence that Defendant intentionally collided with Plaintiff's vehicle. Intentional in this context means "willful" or "deliberate." See Canavin v. Naik, 648 F. Supp. 268, 269 (E.D. Pa. 1986). Therefore, Plaintiff is deemed to have selected the limited tort option and cannot recover noneconomic damages.

### V. Conclusion.

For the foregoing reasons, the Court grants Defendant's Motion for Partial Summary Judgment in part and denies Defendant's Motion for Partial Summary Judgment in part. This Court holds that Plaintiff is subject to the limited tort alternative with respect to her claims against Defendant. This Court further holds that Plaintiff's claim for economic damages against Defendant as a third-party tortfeasor, including claims for medical expenses and loss of earnings, may proceed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY CORBIN, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 07-05124 |
| v. | : | |
| SURESH KHOSLA, | : | |
| Defendant. | : | |

# **ORDER**

AND NOW, this 15th day of December, 2008, upon consideration of Defendant's Motion for Partial Summary Judgment (Doc. No. 12), Plaintiff's Response (Doc. No. 16), and Defendant's Reply (Doc. No. 35), and for the reasons set forth in the attached Memorandum, it is hereby ORDERED that Defendant's Motion is GRANTED in part and DENIED in part:

(1) Plaintiff is subject to the limited tort alternative (75 Pa.C.S.A. § 1705) with respect to her claim against Defendant.

(2) Plaintiff may pursue her claim for economic damages, including the claim for medical expenses and loss of earnings, against Defendant.

BY THE COURT:

S/ Joel H. Slomsky
                    J.